WALTER NORRIS V. THE STATE.

No. 9809.   Delivered January 20, 1926.

1.—Possessing Intoxicating Liquor—Continuance—Properly Refused.

Where appellant was indicted in March and placed upon trial in June thereafter, and moved for a continuance to prove himself insane, such claim of insanity being wholly unsupported by any evidence, except that of himself, the trial court did not err in refusing him a continuance, nor in refusing to grant him a new trial for the same cause. Following Walker v. State, 13 Tex. Crim. App. 619 and other cases cited.

Appeal from the District Court of Liberty County.   Tried below before the Hon. J. M. Combs, Judge.

Appeal from a conviction of the possession of intoxicating liquor for the purpose of sale.

The opinion states the case.

*Mabry E. Cain,* of Liberty, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of intoxicating liquor for the purpose of sale; punishment fixed at confinement in the penitentiary for one year.

According to the State's witness Barnhill, he had a conversation with the appellant at a "barbecue joint". The witness was an officer though this was not known to the appellant. According to his testimony, Barnhill approached a negro at the "barbecue joint" and asked him for some whiskey. The negro told him that there was a white man that would sell him some. At that time the appellant appeared upon the scene. In response to the witness' request for whiskey, he inquired how much was desired and was told that he wanted a pint or a half-pint. Appellant then went into the woods. He soon returned with a bottle of whiskey, which he priced at three dollars, whereupon the arrest took place. After putting the appellant in jail, the witness went back into the woods in the direction from which the appellant had brought the whiskey and there found a jug of whiskey.

Appellant sought a continuance or postponement of his case in which he averred that he had been in jail since his

arrest, which took place in March previous to the trial in June; that he was of unsound mind; that he did not know why his attorney, Mr. William McMurray, had not procured testimony to that effect; that his home was in Moreville, Louisiana; that he had been discharged from the United States Army in April, 1918, because his mind was unsound; that he was unfit for army service; that he had employed William McMurray of the Liberty County bar to represent him; that for some unknown cause he was absent; that appellant understood that the absence was due to the fact that McMurray was trying a case in another county. The application shows that the appellant was assisted upon the trial of his case by W. T. Norman, an attorney of reputation and ability, but that it was not possible for Norman to secure the testimony desired; that he believed that at the next term of court he could secure the testimony of Captain J. O. Dolby, an officer in the army under whom he served, to the effect that appellant was mentally defective a great part of the time and did not know right from wrong. The motion is verified by the affidavit of the appellant, as is also the motion for a new trial, based upon the same ground. Neither the application for continuance nor the motion for new trial was otherwise supported.

Appellant testified upon the trial that his discharge from the army recited that he was mentally disqualified for army service; that since he was discharged he has been rational at times, and at other times not so. He said that he was working for one Jim Abercombie; that because of an injury to his boots he got a boy to work in his place and started to town to have them repaired; that on his way he stopped at a "barbecue joint" for a short time; that while there, some one said: "There is an old fellow been drunk, and sick, and needs a drink." Appellant said: "If he needs  drink, I will give him a drink." When appellant went around in front of the house, Barnhill said: "I am a team boss out here; I have been drunk and sick and I want a drink."

Appellant said: "All right, I will give you a drink." According to his testimony, he went into the woods where he had a quart bottle which he had kept for ten days or more. It was partly full of whiskey. When he offered it to Barnhill, he was placed under arrest. Appellant denied ever having sold any whiskey or having ﬨffered it for sale. He said that while in the army he was affected with blood poison and had an honorable discharge. He disclaimed the ownership

of the other whiskey which was found by the officer in the woods.

Touching his attorney, appellant said that he had employed Judge McMurray; that he did not know why he was absent, though he had been told on the day of the trial that McMurray was trying a case in another court. Appellant said:

"I have had witnesses summoned in this case. I made application for them. I gave the names to Judge McMurray. I do not know whether they have been summoned or not. I could not say. * * * I never spoke one word to Judge McMurray. I never seen him but one time. One time he come to the jail, but I never spoke a word to him; not a word."

Appellant said that at the time Barnhill procured the whiskey from him, his mind was all right; that it was in good condition at the time of the trial; that the last spell had been six months prior thereto.

It is to be noted that the appellant had been working in the community; that he had been in jail for some time; that the theory of insanity is suggested by his testimony alone. The fact that he had employed an attorney is not otherwise verified. The motion for a continuance is manifestly lacking in the legal requisites. Appellant was represented upon the trial by a capable attorney. The law does not demand one who is insane, or perhaps where the issue of insanity was cogently raised upon the trial, the same degree of diligence in procuring testimony which would be demanded of one without such infirmity. Branch's Ann. Tex. P. C., Secs. 3 and 34; Schuessler v. State, 19 Tex. Crim. App. 472. In the absence of any testimony, save that of the appellant, supporting the theory of insanity, and in view of the fact that his own testimony shows that at the time of the transaction he was not insane but was conscious of right and wrong and was so at the time of the trial, we do not feel authorized to hold that the learned trial judge, in overruling the motion for a continuance or in denying the motion for a new trial, abused the discretion that the law vested in him. In the absence of such abuse, it is not permissible for this court to set aside the judgment. Walker v. State, 13 Tex. Crim. App. 619; Johnson v. State, 84 Tex. Crim. Rep. 567; Shirley v. State, 37 Tex. Crim. Rep. 478; Vernon's Tex. Crim. Stat., Vol. 2, p. 305.

An affirmance of the judgment is therefore ordered.

*Affirmed.*